```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

J&J SPORTS PRODUCTIONS, INC., as §
Broadcast Licensee of the March  §
12, 2011 "Relentless": Cotto/    §
Mayorga Fight Program,           §
                                 §
               Plaintiff,        §
                                 §
VS.                              §    CIVIL ACTION H-13-902
                                 §
RAMIRO NAPOLEON RIVERA,          §
Individually and d/b/a RIVERA'S  §
SPORTS BAR & POOL HALL and d/b/a §
RIVERA SPORTS BAR,               §
                                 §
               Defendants.       §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, an "Anti-Piracy" case grounded in the Federal Communications Act of 1934 ("Communications Act"), as amended by the Federal Cable Communications Act of 1984, 47 U.S.C. §§ 553 and 605,[1], is

---

[1] Section 553 provides in relevant part, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."
    Section 605(a) states in relevant part, "[N]o person receiving . . . any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . to any person other than the addressee, his agent, or attorney . . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such

Plaintiff J&J Sports Productions, Inc.'s motion for final default judgment (instrument #5) against Ramiro Napoleon Rivera, Individually and d/b/a Rivera's Sports Bar & Pool Hall and d/b/a Rivera's Sports Bar (collectively, "Defendant"). Defendant has failed to file an answer or to respond to the motion. The Court previously entered default against Defendant on August 22, 2013 (#7).

Plaintiff seeks under § 605 statutory damages in the amount of $10,000.00,d additional damages for willful violation in the amount

---

communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."
  As noted by the district court in *J&J Sports Productions, Inc. v. Live Oak County Post No. 6119 Veterans of Foreign Wars*, Civ. No. C-08-270), 2009 WL 483157, *4 n.3 (S.D. Tex. Feb. 14, 2009),

> "[I]t is not clear that damages resulting from one unlawful act of cable or satellite 'piracy' are recoverable under both § 553 and  605." *Innovative Sports Mktg. v. Medeles*, C.A. No. H-07-3281, 2008 U.S. Dist. LEXIS 31409, at *3-4, 2009 WL 1758886 (S.D. Tex. Apr. 15, 2008). "The Fifth Circuit has not explicitly addressed whether a plaintiff can recover under both sections for the same action." *Id*. at *4 (citing *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001)(recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996) for the proposition that a plaintiff may not recover under both sections). "However, even the courts that have held that liability under § 553 and § 605 overlap often have chosen to impose liability under § 605 and not § 553." *Innovative Sports Mktg.*, 2008 U.S. Dist. LEXIS 31409, at *4 (citing *Ent'mt by J&J v. Al-Waha Enters.*, 219 F. Supp. 2d 769 (S.D. Tex. 2002)(explaining that courts generally award damages under section 605 because it is more generous to plaintiffs)).

of $50,000, attorney's fees and costs, a permanent injunction, and post-judgment interest.

## Standard of Review

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The entry of default "does not in itself warrant . . . entering a default judgment"; "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1995). After default has been entered, upon motion by the Defendant the Court may enter a final default judgment. Fed. R. Civ. P. 55(b).

Regarding damages, a default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be made certain by computation; otherwise the court must hold a hearing or review a demonstration by detailed affidavits where the damages are not liquidated or easily computed. *Richardson v. Salvation Army, Southern Territory, USA*, 161 F.3d 7, *1 (5th Cir. 1998)("The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum."), *citing United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)(Where "the amount claimed is a liquidated sum or one capable of mathematical calculation," a hearing is not necessary."). Once final default judgment is entered, the "conduct

on which liability is based may be taken as true." *Nishimatsu Constr.*, 515 F.2d at 1206. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Id.*

In considering a motion for default judgment, the court should accept as true all well pleaded allegations of fact in the complaint. *Nishimatsu Constr.*, 515 F.2d at 1206. To determine if a default judgment should be entered against a defendant, courts have applied a two-step analysis. *Entizne v. Smith Moorevision, LLC*, No. 3:13-CV-2997-B, 2014 WL 1612394, at *1 (N.D. Tex. Apr. 22, 2014), *citing Ins. Co. ov the W. v. H&G Contractors, Inc.*, No. C-10-390, 2011 WL 4738179, at *2-3 (S.D. Tex. Oct. 5, 2011). First the court decides whether entry of default judgment is appropriate under the circumstances. *Id., citing Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Among the factors a court may consider to resolve this issue is (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would find itself obliged to set aside the default on the defendant's motion. *Id., citing id.* In the second step, the court weighs the merits of the plaintiff's claims and must find an

adequate basis in the pleadings to support a default judgment. *Id.*, *citing Nishimatsu Constr.*, 515 F.2d at 1206.

Here, in the first step of analysis, the Court finds that the six *Lindsey* factors favor entry of default judgment. Because Defendant has not filed an answer or any responsive pleading in this action, there are no material facts in dispute. *Entizne*, 2014 WL 1612394, at *2, *citing inter alia Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Next, Defendant's "'failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.'" *Id.*, *citing Ins. Co. of W*, 2011 WL 4738197, at *3, *citing Lindsey*, 161 F.3d at 893. The return of service executed against all Defendants was filed on August 16, 2013 (#4). There is no evidence before the court even suggesting that in the fifteen months since this suit was commenced, Defendant's failure to appear and file anything is the result of a good faith mistake or excusable neglect. *Id.*, *citing Lindsey*, 161 F.3d at 893. That fifteen months mitigates the harshness of a default judgment. *Id.*, *citing John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, No. 3:12-CV-4194-M, 2013 SL 1828671, at *3 (N.D. Tex. May 1, 2013). From the evidence before it, especially the affidavits of attorney Thomas P. Riley (Ex. A) and of Curtis Giese (Ex. A-2), who witnessed the broadcast in Defendant's establishment on March 12, 2011, and the copy of the

Closed Circuit Television License Agreement (Ex. A-1), the Court finds that Plaintiff is seeking relief to which it is entitled, and the Court knows of no facts that would constitute good cause to set aside a default judgment. Thus it finds entry of default judgment to be appropriate here.

The Court finds that J&J Sports Productions, Inc., with supporting affidavits and other documentary evidence, has established that, in violation of the Communications Act, Defendant illegally, willfully,[2] and for purposes of direct or indirect commercial advantage or private gain intercepted the closed-circuit telecast of the March 12, 2011 broadcast of "Relentless": Cotto/Mayorga Fight Program (the "Event") and exhibited it in Defendant's Establishment, Double A's (the "Establishment"), without Plaintiff's authorization and without paying the licensing fee to Plaintiff, which had the exclusive right to license the

---

[2] Because the Communications Act does not define "willfully," district courts in the Fifth Circuit have used the definition provided by the Supreme Court in civil cases, i.e., whether a defendant's conduct entailed a "disregard for the governing statute and an indifference for its requirements." *See, e.g., Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.*, 215 F. Supp. 2d 769, 776-77 (S.D. Tex. 2002), *quoting Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126 (1985). The court may infer that the defendant's conduct was willful "[b]ecause of the extreme unlikelihood that [d]efendant could have inadvertently acquired the signal to display the fight, coupled with its failure to file an answer denying [p]laintiff's allegations on the issue." *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). As Plaintiff explains here, in order to intercept or receive the telecast, Defendant had to use an unauthorized decoder to bring the signal of the Event into the Defendant's establishment.

exhibition of the Event to commercial establishments with closed circuit televisions in Texas.  As an aggrieved party under § 605, Plaintiff may elect to recover either actual damages or statutory damages.  47 U.S.C. § 605(e)(3)(C)(1).  Statutory damages for each violation of the statute must be at least $1000.00 and not more than $10,000, whatever amount the Court finds to be just.  47 U.S.C. § 605(e)(3)(C)(i)(II).  Because Plaintiff has also shown that Defendant's unlawful interception and broadcast of the Event was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, under 47 U.S.C. 605(e)(3)(C)(ii), the Court has the discretion to award additional damages up to $100,000 for the willful violation.  Furthermore under 47 U.S.C. § 605(e)(3)(B)(iii), a prevailing plaintiff shall recover court costs and reasonable attorney's fees.  Finally under 47 U.S.C. § 605(e)(3)(B)(I), the court may grant a permanent injunction.

      Here Plaintiff has submitted an affidavit from Thomas P. Riley (Ex. A), which details the types of damages that Plaintiff has suffered, including loss of existing and potential customers, loss of sublicense fees, financial loss, loss of good will, and loss of reputation.  Plaintiff elects to receive statutory damages of $10,000.  Noting that by its default, Defendant has admitted that it willfully and for purposes of direct or indirect commercial advantage or private financial gain exhibited the Event, Plaintiff

seeks additional damages up to $100,000 under § 605(e)(3)(C)(ii). Plaintiff cites cases showing that it is reasonable for a court to award as additional damages a specific percentage of the actual or statutory damages award to penalize a defendant for willful violations. J&J requests a minimum of $50,000 as additional damages.

With a supporting affidavit from its counsel, Plaintiff requests the mandatory award of attorney's fees and costs under § 553(c)(2)(C) and 605(e)(3)(B)(iii). J&J asks for a contingent fee award of one-third of its recovery, or alternatively, a fee calculated by the lodestar method. In addition, it seeks a contingent award of fees for potential post-trial, pre-appeal, and appellate services.

After a careful review of Plaintiff's evidence, the Court finds that an award of $10,000 in statutory damages is appropriate. Regarding additional damages for willful violations, the case law reviewed by this Court suggests that a multiplier of three to eight times the amount of statutory damages is appropriate. *See, e.g., KingVision Pay-Per-View, Ltd. v. Scott E.'s Pub, Inc.*, 146 F. Supp. 2d 955, 960 (E.D. Wis. 2001)(multipliers of three to eight times the statutory damages); *Garden City Boxing Club, Inc. v. Reyes*, No 1:05-CV-00262 (S.D. Tex. 2000)(three to seven). *See also J&J Sports Productions, Inc. v. Q Café, Inc.*, Civ. A. No. 3:10-CV-02006-L, 2012 WL 216274, *2 (N.D. Tex. Jan. 25, 2012)(finding a

multiplier of five reasonable in light of the urban location of the establishment and the importance of deterring future violations). After considering the matter, the Court finds a multiplier of five reasonable and thus awards $50,000.00 in additional damages for Defendant's willful violation.

The Court rejects as speculative and premature Plaintiff's request for an award in fees in the event that post-trial, pre-appeal and appellate services are required. Plaintiff may apply for such if and when such fees are incurred.

As for attorney's fees, rather than a one-third contingency fee, the Court finds it more equitable that Plaintiff should recover a fee based on the lodestar, i.e., hours actually expended times a reasonable hourly rate. *See, e.g., Kingvision Pay-Per-View, Ltd. v. Guerrero*, Civ. A. No. 3:08-CV-1970-G (BF), 2009 WL 1973285, *5 (N.D. Tex. July 7, 2009). Based on Plaintiff's undisputed evidence (affidavit of David M. Diaz, Ex. B), for four hours of services at the firm's blended hourly rate of $250.00, the Court awards Plaintiff $1000.00 in reasonable attorney's fees.

The statute permits issuance of a permanent injunction when liability under the statute has been established "on such terms as it may deem reasonable to prevent or restrain violations of subsection (a)(1)." 47 U.S. 605(e)(3)(B)(i); *Kingvision Pay-Per-View, Ltd. v. Guerrero*, Civ. A. No. 3:08-CV-1970-G (BF), 2009 WL 1973285, *5 (N.D. Tex. July 7, 2009). The Court finds Plaintiff's

request here to be reasonable and grants it.

Accordingly, to the extent indicated above, the Court ORDERS that Plaintiff's motion for entry of final default judgment is GRANTED.  Final judgment shall issue by separate order.

**SIGNED** at Houston, Texas, this  14th  day of  July , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE